Filed 12/10/24  P. v. Alatorre CA4/2
*See Dissenting opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082854 |
| v. | (Super.Ct.No. RIF1305853) |
| JOEL ALATORRE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Robin H. Urbanski and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Joel Alatorre appeals from a postjudgment order finding him ineligible for resentencing under Penal Code[1] section 1172.75. He argues the trial court erred in denying him a full resentencing under section 1172.75. We agree and reverse.

## PROCEDURAL BACKGROUND

A jury convicted defendant of victim intimidation by force or threats (§ 136.1, subd. (c)(1); count 4) and acquitted him on all remaining charges. The trial court found true the allegations that defendant had suffered two prior prison terms (§ 667.5, subd. (b)), one prior serious felony (§ 667, subd. (a)), and two prior strike convictions (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)). (*People v. Alatorre* (July 7, 2017, E066246) [nonpub. opn.])[2] On June 7, 2016, the court sentenced him to an indeterminate term of 25 years to life on count 4 under the Three Strikes law and a consecutive five-year term on the prior serious felony conviction enhancement. The court struck one of the prior prison enhancements. As to the other one, the court stated, "I'm going to go ahead and impose 1 year but strike the punishment on that." The court

---

[1] All statutory references will be to the Penal Code unless otherwise indicated.

[2] On our own motion, we take judicial notice of the prior nonpublished opinion in this case. (Evid. Code, §§ 459, 452, subd. (d).)

2

explained that "it will show . . . that you were sentenced to it, but that the punishment was stricken."[3]

After the enactment of Senate Bill No. 483 (2021-2022 Reg. Sess.), the California Department of Corrections and Rehabilitation (CDCR) identified defendant as an inmate who was serving a sentence that included a prison prior enhancement under section 667.5, subdivision (b), which might no longer be valid under section 1172.75.[4]

On December 21, 2023, the court held a hearing. The parties were present, but there was no court reporter present. The minute order reflects the following: "The Court finds that the defendant is not eligible for resentencing under section 1172.75(d) and the Defendant's motion for resentencing[5] is denied. . . .Sentence previously imposed is

---

[3] We note that the abstract of judgment filed on July 15, 2016, reflects the prior prison term enhancement, and lists it as "PS." The form states that "S" stands for "stayed," but there is no indication what "PS" stands for.

[4] On the court's own motion, we augmented the record in this case to include the CDCR list dated June 16, 2022. Defendant is listed on page 10 of that document. (See order filed on July 17, 2024, and attached exhibits.)

[5] Although the minute order reflects the court denied defendant's motion, the record does not contain a resentencing motion. Furthermore, as noted, the CDCR included defendant on its list of inmates that fell within the provisions of section 1172.75. Thus, we will assume the matter was properly before the court and that defendant requested a full resentencing.

3

vacated as to Prior 01.  As to the Prior 01, the Court imposes 1 years [*sic*].  Court orders time (punishment) imposed on Prior(s) 01 stricken."**6**

## DISCUSSION

### The Order Finding Defendant Ineligible for Resentencing is Reversed

Defendant argues that the trial court erred in determining he was not entitled to a full resentencing under section 1172.75, subdivision (d).  He contends that section 1172.75 should be construed to require a full resentencing since his sentence included a now invalid section 667.5, subdivision (b) enhancement, even though the punishment was stayed on the enhancement.  We observe that, contrary to defendant's contention, it appears that the court struck rather than stayed the punishment.  The People argue that resentencing under section 1172.75 applies only to defendants with a prior prison term enhancement that was imposed and executed.**7**  We conclude the court erred in finding defendant ineligible for relief under section 1172.75.  Thus, we reverse the denial order and remand for a full resentencing.

---

**6** The minute order does not specify what "Prior 1" was and makes no specific reference to a prison prior under section 667.5, subdivision (b).  Therefore, the court's actions are not entirely clear.

**7** We note that, although the record shows the court imposed the prison prior enhancement but struck the punishment, the parties rely on authorities that discuss whether section 1172.75 applies only to sentences that were imposed and executed, or also to sentences that were imposed and stayed.

4

A. *Standard of Review*

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) Our fundamental task in construing a statute "is to ascertain the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning." (*People v. Mendoza* (2000) 23 Cal.4th 896, 907 (*Mendoza*).) "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]'" (*Id*. at pp. 907-908.) "We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.'" (*Id*. at p. 908.)

B. *Relevant Law*

Prior to January 1, 2020, section 667.5, subdivision (b), required a sentencing court to impose a one-year sentencing enhancement "for each prior separate prison term" served by the defendant, unless the defendant remained free of both the commission of a offense resulting in a felony conviction and from prison custody for a period of five years. (Former § 667.5, subd. (b).) This sentencing enhancement is commonly known as a prison prior enhancement.

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) limited a sentencing court's ability to impose a prison prior enhancement only to those cases when the defendant's past convictions were for certain specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

5

In 2021, the Legislature approved Senate Bill No. 483 for the stated purpose of "ensur[ing] equal justice and address[ing] systemic racial bias in sentencing" by "retroactively apply[ing] . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for [a] repealed [prison prior] sentence enhancement[]." (Stats. 2021, ch. 728, § 1.)  To achieve this objective, Senate Bill No. 483 added section 1171.1 to the Penal Code, a statutory provision that was subsequently renumbered to section 1172.75 without substantive change.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  For purposes of this opinion, we will refer to this provision as section 1172.75.

Section 1172.75 prescribes the procedure for resentencing affected defendants. Subdivision (a) states, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (§ 1172.75, subd. (a).)  The Secretary of the CDCR and the county correctional administrator must first identify individuals serving terms that include no-longer-valid enhancements and then provide certain information about those individuals to the sentencing court that imposed the enhancement.  (§ 1172.75, subd. (b).)  Subdivision (c) instructs the court, upon receipt of such information, to "review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a).  If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)

6

Section 1172.75, subdivision (d), outlines the procedure applicable to the resentencing proceeding. It states that "[r]esentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing . . . shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Subdivision (d) requires the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) It also directs the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

C. *Defendant is Entitled to a Full Resentencing*

The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th

7

300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.) The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [recall and resentencing is available when prison prior enhancement is imposed and stayed]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same], with *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169 [recall and resentencing is only available when prison prior enhancement is imposed and executed].) We generally agree with the *Christianson* decision, which in our view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, at pp. 311-315.)

Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing. The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter.'''" (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Despite this apparent ambiguity, the *Christianson* court

8

rejected the People's claim that the Legislature intended the word "'imposed,'" as used in section 1172.75, to be limited to enhancements that were imposed *and executed*. (*Ibid.*)

Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed. [Citation.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that, "[t]he sentencing court must then '*verify* that *the current judgment includes a sentencing enhancement* described in subdivision (a).'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would

9

require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.)

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid.*) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid.*)

We note that we respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term

under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid*.; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].) We disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a sexually violent offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75. (§ 1172.75, subds. (a) & (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and

consider "postconviction factors" mitigating against continued incarceration (§ 1172.75, subd. (d)(3)).

We recognize that the court in the instant case struck, rather than stayed, the one-year punishment on the prior prison enhancement. The court informed defendant that "it will show . . . you were sentenced to it, but that the punishment was stricken." Accordingly, the enhancement was part of the sentence and was included in the abstract of judgment. The CDCR presumably identified defendant as eligible for relief because the enhancement was included in the abstract of judgment. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312 ["all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment"].)[8] We note that, at the resentencing hearing, the court appears to have simply imposed the enhancement and ordered the punishment stricken again. However, the court was required to strike, that is vacate, the invalid enhancement and grant defendant a full resentencing. (See *id*. at p. 314 ["the statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating [the] sentencing enhancement"]; see also *Monroe*, *supra*, 85 Cal.App.5th at p. 402

---

[8] Notably, since the filing of *Christianson*, the Sixth Appellate District has published an opinion agreeing with *Christianson* and further concluding that section 1172.75 "applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted Oct. 23, 2024, S286987.)

["section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"].)

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to "result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement," combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 43-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id*. at p. 44.)

Although *Rhodius* was thoughtfully decided, we respectfully disagree with it. Rather, we agree with *Christianson's* conclusion that section 1172.75 applies to cases in which the inmate's abstract of judgment includes a section 667.5, subdivision (b) enhancement "regardless of whether it is imposed or stayed." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a) means "imposed and executed." Thus, the "imposed and stayed" prior convictions in that case

13

were not "imposed" with the meaning of section 1172.75 subdivision (a). If that interpretation is correct, then the prison prior convictions would not be legally invalid, and the trial court should not have struck them.[9] Yet, the trial court in *Rhodius* court did strike them, strongly inferring their invalidity, and the *Rhodius* court affirmed the trial court's action. In our view, section 1172.75 either applies or does not apply. The authority to strike the prior convictions comes only where section 1172.75 applies.

We also note that *Rhodius* is distinguishable since the court there "*vacated* the sentence for defendant's two section 667.5(b) priors and ordered them stricken." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 41, italics added.) Thus, the only issue was whether the court was required to give the defendant "a full resentencing hearing going beyond striking his two priors." (*Ibid.*) In contrast, the court here does not appear to have vacated defendant's prison prior enhancement at the resentencing hearing; rather, it simply imposed the enhancement and struck the punishment again. Thus, the matter must be remanded for the court to vacate the prison prior and fully resentence defendant pursuant to section 1172.75, subdivisions (c) and (d).

Although the length of sentence does not change when a trial court vacates a now invalid prior conviction which had previously been stricken, the defendant, nevertheless, receives a significant benefit. To the extent the abstract of judgment will no longer show the prison prior conviction, the consequences of defendant's conviction are reduced. As result of the court's action, the case will no longer reflect the prior conviction if a court

---

[9] This assumes the judgment was final as of January 1, 2020, as Senate Bill No. 136 on its own is not retroactive to final judgments.

14

assesses the appropriate disposition in any future case or on a violation of parole or probation on the current case.

We note the People's additional claim that the "Legislature's language in the bill [presumably Senate Bill No. 136] clearly contemplates that the relief available in Penal Code section 1172.75 would be available to those 'serving a term of incarceration' *for* the enhancement." (Italics added.) The People reason that, where the punishment for a prison prior has been stayed, there is no term of incarceration served for the enhancement. However, we must look to the statute's words and give them their plain meaning. (*Mendoza*, *supra*, 23 Cal.4th at p. 907.) Section 1172.75 applies to those persons "currently serving a term for a judgment *that includes* an enhancement described in subdivision (a)." (§ 1172.75, subd. (b), italics added.)

Finally, a careful review of the statute reveals that the statute contains language favorable to an interpretation consistent with that taken by *Rhodius*, and it also contains language favorable to an interpretation consistent with that taken in *Christianson*. We agree with the court in *Espino*, *supra*, 104 Cal. App. 5th 188, 198, that under the rule of lenity, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

In sum, we conclude that the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He was therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, which would include

15

the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

## DISPOSITION

The denial order is reversed, and the matter is remanded to the trial court with instructions to recall defendant's sentence and conduct a full resentencing proceeding pursuant to section 1172.75, subdivisions (c) and (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

I concur:

CODRINGTON
J.

[*People v. Alatorre,* E082854]

McKINSTER, Acting P. J., dissenting:

I continue to adhere to our decision in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169. (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9 ["Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division."].) I see no functional difference between striking and staying punishment on the enhancement. While *Rhodius* addressed one-year enhancements that were imposed but stayed, its reasoning and analysis has equal, perhaps even more compelling, application to enhancements that are imposed but the punishment stricken. In either case, the additional one-year punishment for each enhancement imposed was never executed. (*People v. Espino* (2024) 104 Cal.App.5th 188, 203, review granted Oct. 23, 2024, S286987, (dis. opn. of Lie, J.) ["So the concept of a sentence enhancement being 'imposed' when its punishment was stricken is not one I claim to comprehend."].) To interpret the law to apply to a person who was "lucky" enough to only have *punishment* on his enhancement stricken but not to someone who was "unfortunate" enough to have his enhancement *completely* stricken strains credulity.

Therefore, I would simply extend the holding in *Rhodius* to an imposed-but-stricken enhancement as well as stayed one-year enhancements.

McKINSTER
                Acting P. J.

1